UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL EUGENE SHAW,<br>　　　　Plaintiff,<br>　v.<br>RICHARD L. BRAZELL, et al.,<br>　　　　Defendants. | Case No. 19-cv-08103-SVK<br><br>**ORDER DENYING MOTION FOR SERVICE BY PUBLICATION**<br>Re: Dkt. Nos. 17, 17-1 |

Before the Court is Plaintiff Cecil Eugene Shaw's motion for permission to serve Richard L. Brazell and Joan K. Brazell (collectively, "Brazell Defendants") by publication. Dkt. 17, 17-1. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for decision without oral argument. After reviewing the motion and the relevant law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to permit service by publication.

**I.　BACKGROUND**

On December 11, 2019, Plaintiff filed the instant complaint alleging violations of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act against RJC Spirits, Inc. and the Brazell Defendants. Dkt. 1. On December 12, 2019, the Court issued a summons to all Defendants. Dkt. 6. Defendant RJC Spirits, Inc. was served on January 5, 2020 (Dkt. 9) and on February 6, 2020, it filed an answer (Dkt. 10). On February 10, 2020, Plaintiff filed a motion requesting a sixty-day extension to complete service on the Brazell Defendants, representing that "due to the discovery of new information, Plaintiff anticipates that service upon Defendants can be completed within shortly (sic)." Dkt. 11 at 2. The Court granted a thirty-day extension to March 12, 2020. Dkt. 15. On March 12, 2020, Plaintiff filed the instant motion. Dkts. 17, 17-1.

////

## II. APPLICABLE LAW

In federal court, service of a complaint is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California Code of Civil Procedure § 415.50 provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made." Cal. Code Civ. P. § 415.50. Service by publication should be allowed only "as a last resort." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978).

## III. DISCUSSION

Under this Court's General Order governing ADA access litigation ("General Order ("G.O.") 56"), a Plaintiff must complete service on all defendants "promptly" and in accordance with Federal Rule of Civil Procedure 4(m). G.O. 56 ¶ 1. In his motion to permit service by publication, Plaintiff invokes California law governing service of a summons and complaint. Dkt. 17-1 at 4-5. California permits service by publication if two factors are met: (1) if upon affidavit, it appears that the party to be served cannot with reasonable diligence be served in another manner; and (2) that a cause of action exists against the party upon whom service is to be made. Cal. Code Civ. P. § 415.50(a). If service by publication is appropriate, the order permitting publication must meet certain requirements, including that "[t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Cal. Code Civ. P. § 415.50(b).

"In determining whether a plaintiff has exercised 'reasonable diligence,' the [C]ourt examines the affidavit to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Hernandez v. Srija, Inc.*, No. 19-cv-01813-LB, 2019 WL 4417589, at * 2 (N.D. Cal. Sept. 16, 2019) (quoting *Donel*, 87 Cal. App. 3d at 333). "The 'reasonable diligence' requirement 'denotes a thorough, systematic

investigation and inquiry conducted in good faith by the party or his agent or attorney.'" *Hernandez*, 2019 WL 4417589, at *2 (quoting *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996)). Thus, "[b]efore allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Hernandez*, 2019 WL 4417589, at *2 (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)).

Here, Plaintiff has failed to demonstrate that the Brazell Defendants "cannot with reasonable diligence be served in another manner," as required by § 415.50(a), because Plaintiff's attempts at service have not been exhaustive. Plaintiff's counsel attests that his office used the TransUnion/TLO XP search engine and the Lawyer's Title property database search engine to locate addresses for the Brazell Defendants. Dkt. 17-2 ¶ 5-6. This search revealed six mailing addresses for the Brazell Defendants: 2325 or 2327 El Camino Real, Santa Clara, CA 95050; 2715 Bayside Walk, San Diego, CA 92109; 1223 Lanny Ln, Olympic Valley, CA 96146; P.O. Box 926, Los Gatos, CA 95031; and 18265 Montevina Rd, Los Gatos, CA 95033. *Id*. A process server hired by Plaintiff made seven attempts, over a period of approximately two weeks in December 2019 and January 2020, to serve the Brazell Defendants at the address on Montevina Road only. Dkt. 17-2 ¶ 8; Dkt. 17-4. On January 20, 2020, an office assistant mailed Notices of Acknowledgment to "Defendant Palm 13" at the addresses listed above.[1] Dkt. 17-2 ¶ 9; Dkt. 17-5; Dkt. 17-6 ¶ 2. On February 3, 2020, an office assistant called seven phone numbers, four of which were disconnected. Dkt. 17-2 ¶ 11; Dkt. 17-6 ¶ 3. The office assistant left voicemails at the remaining three numbers. Dkt. 17-6 ¶ 3. On February 20, 2020, Plaintiff's counsel emailed the Brazell Defendants' attorney asking if he would accept service. Dkt. 17-2 ¶ 12; Dkt. 17-2 at 2.

Despite Plaintiff's attempts to serve the Brazell Defendants, it is not clear that he has exhausted the myriad of other avenues available for locating the Brazell Defendants. Additionally, in the time since the Court granted Plaintiff's request for an extension of time to serve the Brazell Defendants, Plaintiff has only emailed the Brazell Defendants' attorney once.

---

[1] As "Palm 13" is not a defendant in this case, the Court will ignore the Notices of Acknowledgment. Dkt. 17-5.

Dkt. 17-2 ¶ 12; Dkt. 17-7 at 2. No other efforts to complete service have been undertaken, and Plaintiff has not demonstrated any other attempts to identify other locations where the Brazell Defendants may be found. Plaintiff may wish to consider if there are other avenues by which he may be able to serve the Brazell Defendants, including contacting the Brazell Defendants' relatives, friends, or neighbors; emailing the Brazell Defendants and/or their attorney; attempting to locate the Brazell Defendants at the property in question in this lawsuit; and contacting co-defendant RJC Spirits, Inc. for the Brazell Defendants' contact information. *See Lucero v. IRA Services, Inc*., 18-cv-5395-LB, 2019 WL 2123576, at * 3 (N.D. Cal. May 15, 2019).

In addition to Plaintiff's failure to demonstrate reasonable diligence in attempting to locate the Brazell Defendants, Plaintiff has failed to submit facts showing that publication in "El Observador" is "most likely to give actual notice to the party to be served," as required under California Code of Civil Procedure § 415.50. Neither Plaintiff's motion nor counsel's affidavit mention "El Observador." *See* Dkts. 17-1, 17-2. Only in Plaintiff's "Proposed Order" is "El Observador" mentioned, and Plaintiff's conclusory statement that "El Observador" is "a newspaper of general circulation" is insufficient to show that the Brazell Defendants are likely to receive actual notice of this action by publication in that newspaper. Dkt. 17-3.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for permission to serve the Brazell Defendants by publication. The Court does, however, grant Plaintiff a further extension to **May 11, 2020** to either complete service on the Brazell Defendants to or renew his motion with additional evidentiary support.

**SO ORDERED.**

Dated: March 25, 2020

SUSAN VAN KEULEN
United States Magistrate Judge